# STATE OF MICHIGAN

# COURT OF APPEALS

BURTIEL DEAN, COURTNEY PITTS, and
ELLIS E. ROSS, JR., and LISA ROSS, Co-
Personal Representatives of the Estate of ELLIS
LEE ROSS,

UNPUBLISHED
May 21, 2015

       Plaintiff-Appellees,

v

No. 320606
Oakland Circuit Court
LC No. 2012-128792-NO

SOUTHFIELD LODGE, INC., d/b/a MARVIN'S
GARDEN INN,

       Defendant-Appellant.

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

In this premises liability action, defendant appeals by leave granted[1] an order denying defendant's motion for summary disposition under MCR 2.116(C)(10). We reverse and remand for entry of an order granting summary disposition in favor of defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a shooting that occurred during a party in a hotel room at Marvin's Garden Inn in Southfield, Michigan. After attending a local fair, a large group of primarily underage people gathered in a room at the hotel for a birthday party. Shortly after the party began, an unidentified gunman entered the hotel room and opened fire, shooting until his gun ran out of ammunition. Several young partygoers were shot, including plaintiffs Burtiel Dean and Courtney Pitts. Ellis Lee Ross also sustained numerous gunshot wounds and died as a result.

Plaintiffs subsequently filed suit against defendant, alleging several claims sounding primarily in negligence and premises liability. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10). Defendant argued that it had no duty to protect plaintiffs from

---

[1] *Dean v Southfield Lodge, Inc*, unpublished order of the Court of Appeals, entered April 28, 2014 (Docket No. 320606).

the unforeseeable criminal acts of a third party, to provide security, or to resort to self-help enforcement of the law. Defendant further argued that it complied with its sole legal duty under the circumstances: to expedite the involvement of the police once its employees learned of the shooting. The trial court denied summary disposition to defendant, concluding that there were "genuine issues of material fact as to the reasonableness of defendant's actions." Defendant then sought and was granted leave to bring an interlocutory appeal before this Court.

## II. ANALYSIS

"A trial court's decision on a motion for summary disposition is reviewed de novo." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 366; 817 NW2d 504 (2012). "A motion for summary disposition under MCR 2.116(C)(10) challenges the factual sufficiency of the complaint, with the trial court considering the entire record in a light most favorable to the nonmoving party." *LaFontaine Saline, Inc v Chrysler Group, LLC*, 496 Mich 26, 34; 852 NW2d 78 (2014). "The moving party has the initial burden of supporting its position with documentary evidence, but once the moving party meets its burden, the burden shifts to the nonmoving party to establish that a genuine issue of disputed fact exists." *Peña v Ingham Co Rd Comm*, 255 Mich App 299, 310; 660 NW2d 351 (2003) (citation and quotation marks omitted).

Judgment as a matter of law is appropriate when the evidence demonstrates that no genuine issue of material fact remains. *Karbel v Comerica Bank*, 247 Mich App 90, 97; 635 NW2d 69 (2001). Circumstantial evidence can be sufficient to establish a genuine issue of material fact, but mere conjecture or speculation is insufficient. *Id.* at 97-98. In reviewing a denial of summary disposition, we consider only evidence that was properly presented before the trial court. *Barnard Mfg Co v Gates Performance Engineering, Inc*, 285 Mich App 362, 380; 775 NW2d 618 (2009). Similarly, "[o]ur review is limited to the evidence that had been presented to the circuit court at the time the motion was decided." *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009). "A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial." *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999).

As a preliminary matter, we note that an evidentiary issue left unaddressed by the parties requires our consideration. In their appellate briefs, the parties cite extensively to evidence that cannot be considered by this Court in reviewing the trial court's decision on defendant's motion for summary disposition under MCR 2.116(C)(10). Each party cites to the deposition transcripts of Anika Garnes, a partygoer, Brian Correll, the security guard, and Emad Bahoura, the desk clerk. These deposition transcripts were never filed in the trial court—or even properly cited to—before that court decided the motion now at issue. Likewise, plaintiffs' appellate brief cites to an "Amended S[ummary] D[isposition] Response" that was never filed in the trial court according to the register of actions. Because our review is limited to evidence that was presented to the trial court at the time the motion was decided, *Innovative Foster Care*, 285 Mich App at 475-476, and it is improper to consider evidence that only *might be* developed at trial to support a party's contention, *Maiden*, 461 Mich at 121, we will not consider these depositions and documents in reviewing the trial court's ruling.

Defendant argues that the sole duty it owed to plaintiffs regarding the shooting incident was a duty to reasonably expedite police involvement after its employees became aware that the circumstances posed a risk of imminent harm to plaintiffs as identifiable invitees.[2]  We agree.

"The threshold question in a negligence action is whether the defendant owed a duty to the plaintiff." *Fultz v Union-Commerce Assoc*, 470 Mich 460, 463; 683 NW2d 587 (2004).  In general, there is no legal duty or obligation requiring a person to protect or aid another. *Krass v Tri-County Security, Inc*, 233 Mich App 661, 668; 593 NW2d 578 (1999).  "Moreover, an individual has no duty to protect another from the criminal acts of a third party in the absence of a special relationship between the defendant and the plaintiff or the defendant and the third party." *Graves v Warner Bros*, 253 Mich App 486, 493; 656 NW2d 195 (2002).  Examples of special relationships recognized under Michigan law include "a common carrier that may be obligated to protect its passengers, an innkeeper his guests, an employer his employees, owners and occupiers of land their invitees, a doctor his patient, and business invitors or merchants their business invitees." *Id.* at 494.  These special relationships give rise to a duty to exercise "reasonable care toward those parties who are readily identifiable as being foreseeably endangered." *Id.* (citations, quotation marks, and brackets omitted).

In *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495; 418 NW2d 381 (1988), our Supreme Court addressed the scope of the duty of reasonable care arising from a merchant's special relationship with invitees, and held that "a merchant's duty of reasonable care does not include providing armed, visible security guards to deter criminal acts of third parties" because the duty to provide protection against criminal acts "is vested in the government by constitution and statute." *Id.* at 501.  In *MacDonald v PKT, Inc*, 464 Mich 322; 628 NW2d 33 (2001), our Supreme Court expounded upon the scope of this duty and held the following:

> [A] merchant has no obligation generally to anticipate and prevent criminal acts against its invitees. . . .  [W]e have never recognized as "foreseeable" a criminal act that did not . . . arise from a situation occurring on the premises under circumstances that would cause a person to recognize a risk of imminent and foreseeable harm to an identifiable invitee.  Consequently, a merchant's only duty is to *respond* reasonably to such a situation. . . .
>
> A premises owner's duty is limited to responding reasonably to situations occurring on the premises because, as a matter of public policy, we should not expect invitors to assume that others with disobey the law.  A merchant can assume that patrons will obey the criminal law. . . .  This assumption should continue until a specific situation occurs on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee.  It is only a present situation on the premises, not any past incidents, that creates a duty to respond.  [*Id.* at 334-335.]

---

[2] Defendant does not argue that plaintiffs were trespassers or licensees at the time they were injured.  Instead, defendant argues that, even assuming plaintiffs were invitees, defendant complied with its legal duties under the circumstances.

Accordingly, a merchant's duty to respond reasonably to situations occurring on the premises does not arise until after the circumstances give notice of an imminent risk of harm. *Id.* at 335. Past incidents of criminal activity are not considered in determining the foreseeability of risk because criminal conduct is inherently irrational and unpredictable. *Id.* Further, a merchant's duty to respond to a risk of imminent harm resulting from a criminal act "is limited to reasonably expediting the involvement of the police." *Id.* at 345.

In *Bailey v Schaaf*, 494 Mich 595, 614-618; 835 NW2d 413 (2013), our Supreme Court extended the duty applicable to merchants found in *MacDonald* to the landlord-tenant context. The Court held that "a landlord has a duty to respond by reasonably expediting police involvement where it is given notice of a 'specific situation occurring on the premises that would cause a reasonable person to recognize a risk of imminent harm to an identifiable invitee.' " *Id.* at 614, quoting *MacDonald*, 464 Mich at 335 (brackets omitted). The Court reasoned as follows:

> Landlords, like merchants, have a low degree of control over the criminal acts of others. Our conclusion today does not expand a landlord's duty concerning third-party criminal acts; requiring more of a landlord than taking reasonable efforts to expedite police involvement would essentially result in the duty to provide police protection, a concept this Court has repeatedly rejected. Consistent with our recognition that the duty to provide police protection is vested with the government, and given the unpredictability of specific acts of crime, we decline to impose any greater obligation on a landlord. [*Id.* at 616-617 (footnote omitted).]

Although *MacDonald* involved a merchant-business invitee relationship and *Bailey* involved a landlord-tenant relationship, we conclude that their holdings apply by analogy to this case involving the special relationship between an innkeeper and its guests.

Accompanying its motion for summary disposition, defendant attached portions of the depositions of Dean and Pitts. Dean and Pitts both testified that plaintiffs were injured by a sudden, unexpected act of criminal violence within a private hotel room. Dean stated that after she was shot, she ran to the hotel lobby and asked the desk clerk "to call the police *again* and tell them that [she] was there." (Emphasis added.) This testimony indicates that defendant's employees had already called the police in response to hearing shots fired on the premises. As the party moving for summary disposition, defendant had the initial burden of proof. See *Peña*, 255 Mich App at 310. Defendant met this burden by providing evidence that its employees called the police once they were aware of the shooting on the premises, and thus fulfilled their duty to plaintiffs to reasonably expedite police involvement after recognizing a risk of harm.

Conversely, other than citing to the same deposition excerpts offered by defendant, plaintiffs offered no new evidence suggesting that the hotel staff failed to reasonably expedite police involvement at the scene. Plaintiffs failed to proffer any evidence regarding when defendant's employees learned of the shooting or how long it took the employees to summon the police. In addressing a motion for summary disposition under MCR 2.116(C)(10), once the moving party meets its initial burden of providing evidence supporting its position, the burden shifts to the nonmoving party to show that a genuine issue of disputed fact exists. *Peña*, 255 Mich App at 310. In meeting this responsive burden, the nonmoving party must set forth specific disputed facts and may not rest on mere allegations or denials in pleadings. *Id.*

-4-

Plaintiffs did not present any specific evidence suggesting that defendant failed to fulfill its duty under the circumstances. Therefore, plaintiffs failed to meet their evidentiary burden under MCR 2.116(C)(10).

Plaintiffs argue that defendant knew of the imminent threat to plaintiffs and should have called the police almost two hours before the shooting occurred because defendant's security guard knew a large group of underage people were drinking in the hotel room. However, "there is no general duty to anticipate and prevent criminal activity." *Graves*, 253 Mich App at 497. The mere fact that underage persons were gathered in a hotel room to consume alcohol does not give rise to a risk of imminent harm of the type that occurred here. Until the shooting took place, defendant had no reason to suspect that there was a risk of imminent harm to the partygoers. See *Bailey*, 494 Mich at 614.

Plaintiffs also cite *Stanley v Town Square Cooperative*, 203 Mich App 143, 149; 512 NW2d 51 (1993), for the proposition that defendant had a duty to protect its guests from foreseeable criminal activities in the common areas of the premises. However, plaintiffs were not injured in a common area in the hotel, but rather were shot while attending a party in a private hotel room. Accordingly, *Stanley* is inapplicable to this case.

Finally, plaintiffs contend that defendant should be held liable because defendant voluntarily provided a security guard on the premises and, according to plaintiffs, the security guard negligently performed his duties. This argument lacks merit. "[A] merchant, and the security company it hires, who voluntarily take safety precautions related to the general threat of crime cannot be sued on the theory that the safety precautions were less effective than they could or should have been." *Krass*, 233 Mich App at 684.

## III. CONCLUSION

Summary disposition in favor of defendant was appropriate under MCR 2.116(C)(10) based on the evidence presented at the time the court decided the motion. Viewing the evidence in the light most favorable to plaintiffs, no genuine issue of material fact existed regarding whether defendant fulfilled its duty to reasonably expedite police involvement in response to the unforeseeable criminal acts of a third party within a guest's hotel room.

Reversed and remanded to the trial court for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola

-5-